UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                           :

DIANE M. BATISTA                           :                       3:19 CV 1660 (RMS)
                                                           :

V.                                                             :
                                                             :

COMMISSIONER OF SOCIAL       :
SECURITY                                    :                       DATE: JUNE 18, 2021
                                                            :
------------------------------------------------------- x

## RULING ON THE DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

I.     BACKGROUND

On November 16, 2020, this Court issued a Ruling on the Plaintiff's Motion to Reverse or Remand ("Ruling") remanding the case to the Commissioner for further analysis at step three of the sequential evaluation, to re-assess the medical opinions, and to re-assess the residual functional capacity finding. (Doc. No. 24). In the decision, the Court held,

> Given the circumstances of this case and the delay that the plaintiff has already experienced, the Court remands the case to the Commissioner for additional proceedings within a timetable "so as not to prejudice [the] plaintiff with delay of the administrative process." *Lagasse v. Berryhill*, No. 3:16 CV 1184 (WWE), 2017 WL 2984319, at *5 (D. Conn. July 12, 2017). Accordingly, the Court directs that further proceedings before the ALJ be completed within 150 days of the remand of this matter. *See id.*

(Doc. No. 24 at 12). Judgment entered in the case on November 24, 2020. (Doc. No. 25). Accordingly, remand proceedings were to be completed by April 23, 2021.

On May 20, 2021, the defendant filed the pending Motion for Relief from Order and Judgment Pursuant to Rule 60(b), requesting that the Court remove or modify the time constraint on the administrative proceedings. (Doc. No. 31-1 at 1; *see* Doc. No. 31). Although the defendant

apprised the Court that the plaintiff's counsel "plan[ned] to state his position in his reply papers[,]" the plaintiff's counsel did not file a brief in opposition. (Doc. No. 31-1 at 5).

II.     LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure empowers the court to "relieve a party . . . from a final judgment, order, or proceeding" for several reasons. FED. R. CIV. P. 60(b). The enumerated reasons include, "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud"; or, "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(3) & (6).  Motions, such as this one, made for "any other reason that justifies relief" under Rule 60(b)(6) must be "made within a reasonable time[.]" FED. R. CIV. P. 60(b)(6).[1] Rule 60(b) motions are left to the "sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted), *aff'd* 111 S. Ct. 2173 (1991); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

The defendant requests relief from this Court's Ruling and Judgment because, "due to inadvertent delays, the remand was not timely processed[,] and the remand proceedings were not completed by April 23, 2021" as ordered in this Court's Ruling. (Doc. No. 31-1 at 2). Specifically, "[u]pon initial docketing of [the Court's Ruling] in [the defendant's] office's internal electronic docketing system, the time-limited aspect of the [Ruling] was not entered accordingly. Unfortunately, in addition, there were delays in processing this [Ruling] by the effectuating component." (*Id.* at 4). Also, defense counsel "failed to calendar the 150-day deadline and allowed the deadline to pass." (*Id.*). Once counsel realized the error, "the component responsible for scheduling the hearing on remand promptly contacted [the] [p]laintiff's representative to schedule

---

[1] Although the defendant captioned his motion as made under Rule 60(b)(2) (Doc. No. 30), the defendant makes clear that he is seeking relief from judgment pursuant to Rule 60(b)(6). (Doc. No. 31-1 at 1, 3).

a hearing date on a day and time convenient for [the] [p]laintiff and counsel." (*Id.*). The agency took action to expedite the administrative proceedings so that a hearing was scheduled for June 7, 2021. (*Id.* at 5). The defendant contends that, following the hearing, there may be further delays caused by the need to request additional records or to request additional testimony. (*Id.* at 4-5).

Given the agency's willingness to convene an "expedited hearing" on June 7, 2021 (Doc. No. 31-1), and the lack of opposition from the plaintiff, the Court exercises its discretion to relieve the defendant from the abbreviated timeline set forth in this Court's Ruling. The defendant shall complete the further proceedings within a reasonable time, and to the extent possible, the proceedings shall remain "expedited."

## III. CONCLUSION

For the reasons stated above, the defendant's Motion for Relief from Judgment and Order Pursuant to Rule 60(b) (Doc. No. 31) is GRANTED such that the timeline set forth in the Court's Ruling is lifted.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Dated this 18th day of June, 2021 at New Haven, Connecticut.

/s/Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge